**Timothy Scott McANALLY, Petitioner–Appellant,**

v.

**Terry STEWART, et al., Respondents– Appellees.**

**No. 00–16385.**

**D.C. No. CV–97–00811–SMM.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Arizona prisoner Timothy Scott McAnally appeals pro se the district court's denial of his post-AEDPA petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Under the AEDPA, we may reverse a state court's decision denying relief only if that decision is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 402–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey,* 212 F.3d 1143, 1149, 1154 (9th Cir.) (noting circuit case law is persuasive authority), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

McAnally first contends the trial court violated *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) by improperly admitting into evidence his December 30, 1989 confession, in which he admitted to accidentally killing the victim. McAnally's contention is without merit. As the Arizona Court of Appeal properly determined, the facts found by the trial court did not support its finding of a voluntary *Miranda* waiver.[1] *See Col-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). McAnally's motion for oral argument and request for counsel therefore are denied. *See id.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The government, citing *Michigan v. Harvey,* 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990), contends the confession was admissible for impeachment purposes. However, the government's reliance on *Henry* is misplaced because the confession was introduced in the government's case-in-chief.

*lazo v. Estelle,* 940 F.2d 411, 415–16 (9th Cir.1991). Before we can grant habeas relief, however, we must also determine whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Bains v. Cambra,* 204 F.3d 964, 977 (9th Cir.) (adopting *Brecht* standard), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

Even without McAnally's confession, the remaining evidence of McAnally's guilt was overwhelming. Other witnesses testified to McAnally's intent, motive, opportunity, and possession of the murder weapon on the day of the killing. McAnally himself testified he shot the victim, although claimed it was an accident.[2] Because the December 30 confession was not the primary evidence of McAnally's guilt, the *Miranda* error did not have substantial and injurious effect on the verdict. *See Brecht,* 507 U.S. at 637. The state court's decision therefore was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 402–13; *Van Tran,* 212 F.3d at 1149.

McAnally next contends he was denied a fair trial because the government violated the trial court's rulings limiting reference to his prior convictions and drug transactions. McAnally's contentions are without merit because he has failed to demonstrate how the trial court's application of state evidentiary rules raises federal claims .[3] *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

McAnally finally contends the cumulative effect of these errors warrants habeas relief. McAnally's contention is without merit. "[A] deliberate and especially egregious [trial] error . . ., or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not substantially affect the jury's verdict." *Brecht,* 507 U.S. at 638 n. 9; *see Hardnett v. Marshall,* 25 F.3d 875, 879–81 (9th Cir.1994). As previously noted, the *Miranda* violation did not taint the integrity of the entire trial. *See Hardnett,* 25 F.3d at 879–81. Moreover, the government's purported misconduct was not so egregious as to be the "unusual" case requiring habeas relief, as it did not render the trial unfair. *See id.*

AFFIRMED.

---

**2.** McAnally, citing *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), contends the evidence derived from his wrongfully obtained confession also should have been excluded at trial. To the extent McAnally is arguing his testimony was impelled, *see Harrison v. United States,* 392 U.S. 219, 222–25, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), or that other evidence was erroneously admitted, McAnally is barred from raising these contentions because he has not provided the highest state court with an opportunity to consider these federal claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887,

130 L.Ed.2d 865 (1995) (per curiam); *Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Hiivala v. Wood,* 195 F.3d 1098, 1106–07 (9th Cir.1999) (per curiam), *cert. denied,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

**3.** To extent that McAnally properly has raised a federal claim, he has failed to demonstrate that the state court's decision was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 402–13; *Van Tran,* 212 F.3d at 1149.